UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSIF HASSAN HALLOUM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE, et al., <br><br> Defendants. | Case No. 18-cv-04276-EMC <br><br> **ORDER STAYING ACTION; AND DENYING PLAINTIFFS' MOTION TO STRIKE** <br><br> Docket Nos. 9, 19 |

Pro se Plaintiffs Yousif Halloum and Iman Halloum bring this suit against Defendants Wells Fargo Home Mortgage ("Wells Fargo"), Fannie Mae, Caliber Home Loans ("Caliber"), and Trra West Management Services ("Terra West"). Plaintiffs assert ten causes of action: (1) violation of the California Homeowner Bill of Rights, (2) breach of contract, (3) fraudulent inducement, (4) fraud, (5) embezzlement, (6) false pretenses, (7) negligent misrepresentation, (8) duress, (9) negligent infliction of emotional distress, and (10) fraudulent and deceptive business practice. The gravamen of Plaintiffs' complaint is that the Defendants acted unlawfully in servicing Plaintiffs' loans and in seeking to foreclose on Plaintiffs' property, by charging interest, fees, and expenses while Plaintiffs were in bankruptcy proceedings, and by failing to apply trial payments made by Plaintiffs pursuant to a loan modification agreement to the principal balance of their loan. Pending before the Court is a motion dismiss filed by Wells Fargo, Fannie Mae, and Caliber (collectively "Defendants").

Plaintiffs' complaint here is near-identical to one they have already filed in a pending adversarial action in the Bankruptcy Court for the District of Nevada.[1] The first-to-file rule

---

[1] The Bankruptcy Court dismissed that complaint in July 2018 but granted Plaintiffs leave to amend most of their claims. Plaintiffs have yet to file an amended complaint.

1    "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already
2    been filed in another federal court." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 623 (9th
3    Cir. 1991). The purpose of the rule "is to promote efficiency and to avoid duplicative litigation."
4    *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (citing
5    *Alltrade*, 946 F.2d at 625). A district court examines three factors in deciding whether to apply
6    the rule: (1) the chronology of the two actions; (2) the identity of the parties involved; and (3) the
7    similarity of the issues at stake. *Alltrade*, 946 F.2d at 625.

Assessing those three factors, it is clear that the first-to-file rule applies here. First, the Nevada bankruptcy action was filed on March 2, 2018, months before this action was filed on July 16, 2018. Second, the parties involved in the two cases are identical. Third, the two actions concern the same issues. Plaintiffs assert the same ten causes of action in the Nevada bankruptcy action as in this case, and the allegations supporting each cause of action and the relief sought in the two complaints are identical.

Where the first-to-file rule applies, a court has discretion to "stay, transfer, or dismiss" the later-filed action. *Alltrade*, 946 F.2d at 623. Courts have explained that the court of second filing should consider a stay in lieu of dismissal if the court of first filing may be "preparing to transfer its matter to the court of second filing." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008). Plaintiffs stated at the hearing that they had already filed in the Nevada Bankruptcy Court a motion to transfer their case to this District. Accordingly, this Court will **STAY** the instant proceedings pending the Bankruptcy Court's resolution of Plaintiffs' motion to transfer and/or the merits of their claims.

The Court further **DENIES** Plaintiffs' motion to strike. *See* Docket No. 19. That motion argues that Wells Fargo failed to file its motion to dismiss within 21 days from the date of service of the complaint as required by Federal Rule of Civil Procedure 12(a). But Wells Fargo filed its motion to dismiss on September 7, 2018, exactly 21 days after it was served with the complaint on August 17, 2018. *See* Docket No. 19, Exh. B (proof of service). Plaintiffs assert that they had first attempted to serve Wells Fargo's current counsel on August 13, 2018, but that counsel refused to accept service. *See id.*, Exh. A. However, at that point counsel was not authorized to

accept service on behalf of Wells Fargo.  *See* Fed. R. Civ. P. 4(h).  Although counsel was representing Wells Fargo in the Nevada bankruptcy proceedings, it had not yet been appointed in the newly-filed action in this Court.  Accordingly, counsel properly directed the process server to serve Wells Fargo's registered agent pursuant to Rule 4(h).  *See* No. 19, Exh. A.

This order disposes of Docket No. 19.

**IT IS SO ORDERED**.

Dated: November 16, 2018

_____
EDWARD M. CHEN
United States District Judge

3