UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSIF HASSAN HALLOUM, et al., Plaintiffs, v. WELLS FARGO HOME MORTGAGE, et al., Defendants. | Case No. 18-cv-04276-EMC <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Docket No. 49 |

Plaintiffs have filed a "Motion for Rehearing" under "[Federal Rule of Bankruptcy Procedure] 8022" of the Court's November 16, 2018 Order ("Order") staying this action pursuant to the first-to-file rule. *See* Docket No. 49 (Motion); Docket No. 48 (Order). However, Federal Rule of Bankruptcy Procedure 8022 is inapposite here. The Rule only applies "in a United States district court . . . on appeal from a judgment, order, or decree of a bankruptcy court," Fed. R. Bankr. P. 8001(a), and only "after entry of judgment on appeal," Fed. R. Bankr. P. 8022(a)(1). This case is a separately filed action in federal district court, not an appeal from bankruptcy court, and no judgment has been entered. Thus, the Court will construe Plaintiffs' motion as a request to file a motion for reconsideration under Local Rule 7-9. *See In re Lau*, 684 F. App'x 235, 239 (3d Cir. 2017) (A "motion for rehearing under Bankruptcy Rule 8022 . . . functions, essentially, like a traditional motion for reconsideration."); *Reynolds v. Maryland Dep't of Labor, Licensing & Regulation*, No. CV ELH-17-3158, 2018 WL 5045192, at *2 (D. Md. Oct. 16, 2018) ("Under Rule 8022, 'rehearing' is a term of art that is analogous to 'reconsideration.'").

Under Local Rule 7-9, reconsideration may be granted where the moving party shows "a material difference in fact or law exists from that which was presented to the Court before entry of

the interlocutory order for which reconsideration is sought"; "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." N.D. Cal. Civ. L.R. 7-9(b). A motion for leave may not "repeat any oral or written argument made by the applying party of or in opposition to the interlocutory order." N.D. Cal. Civ. L.R. 7-9(c).[1]

Plaintiffs have not established that reconsideration of the Order is warranted. The instant motion repeats two arguments Plaintiffs have already made, and the Court has already considered, in the briefing and hearing preceding the Order. *Compare* Docket No. 49 at 2 (arguing that Plaintiffs' first-filed case in the United States Bankruptcy Court for the District of Nevada is "not ongoing"), 3 (arguing that Bankruptcy Court "lacks jurisdiction to make final rulings on . . . non-core proceedings"), *with* Docket No. 30 at 21 (Plaintiffs' previous briefing arguing Bankruptcy Court "entered a final ruling" in their bankruptcy proceeding), 11 (arguing that Bankruptcy Court "lacks jurisdiction to make final rulings on non-core proceedings").

Plaintiffs' remaining argument is that Defendants are invoking the first-to-file rule as "an excuse to . . . change venue of the case from this District Court to the Bankruptcy Court" in Nevada. *See* Docket No. 49 at 5. This argument does not meet the requirements of Local Rule 7-9 because it is not predicated on any material differences or changes in fact or law. It also fails on the merits because it was Plaintiffs, not Defendants, who initiated the bankruptcy proceeding in Nevada raising identical claims to those alleged here. Plaintiffs reference the factors governing the transfer of a case from one district to another pursuant to 28 U.S.C. § 1404(b). *See* Docket No. 49 at 7. However, if Plaintiffs seek to transfer their Nevada bankruptcy proceeding, they must make an appropriate motion to the Nevada Bankruptcy Court, not this Court.

Accordingly, Plaintiffs' motion is **DENIED**.

---

[1] Similarly, Rule 8022 requires the motion for rehearing to "state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended." Fed. R. Bankr. P. 8022(a)(2). "This standard is strict" and does not "allow the movant to reargue his case." *In re Soundview Elite Ltd.*, No. 14-CV-7666 JPO, 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015), *aff'd*, 646 F. App'x 1 (2d Cir. 2016).

This Order disposes of Docket No. 49.

**IT IS SO ORDERED**.

Dated: December 10, 2018

_____
EDWARD M. CHEN
United States District Judge