UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSIF HASSAN HALLOUM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, et al.,<br><br>Defendants. | Case No. 18-cv-04276-EMC<br><br>**ORDER GRANTING WELLS FARGO HOME MORTGAGE'S MOTION TO DISMISS; DENYING PLAINTIFFS' MOTION TO VACATE; GRANTING CALIBER HOME LOANS'S JOINDER REQUEST; AND DENYING PLAINTIFFS' MOTION TO STRIKE**<br><br>Docket Nos. 54, 61, 70 |

Pro se Plaintiffs Yousif Halloum and Iman Halloum bring this suit against Defendants Wells Fargo Home Mortgage ("Wells Fargo"), Fannie Mae, Caliber Home Loans ("Caliber"), and Terra West Management Services ("Terra West"). Plaintiffs assert ten causes of action: (1) violation of the California Homeowner Bill of Rights, (2) breach of contract, (3) fraudulent inducement, (4) fraud, (5) embezzlement, (6) false pretenses, (7) negligent misrepresentation, (8) duress, (9) negligent infliction of emotional distress, and (10) fraudulent and deceptive business practice.

Pending before the Court is a renewed motion to dismiss filed by Wells Fargo. Docket No. 54 ("Mot."). This Court previously stayed this action under the first-to-file rule because Plaintiffs' complaint here is near-identical to one they have already filed in a pending adversarial action in the Bankruptcy Court for the District of Nevada. Docket No. 48.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

A.    Plaintiffs' Allegations

This case arises from two loans that Plaintiffs obtained from Wells Fargo: one secured by

a Deed of Trust on a property located in Lodi, California (the "California Loan"), and the other secured by a Deed of Trust on a property located in Henderson, Nevada (the "Nevada Loan"). *See* Docket No. 1 ("Compl.") ¶¶ 4–6. Plaintiffs allege that Fannie Mae is the investor in the Deed of Trust on the Nevada property, and that Caliber took over servicing of the Nevada Loan from Wells Fargo in November 2015. *Id.* ¶¶ 6–7.

B. California Bankruptcy Proceedings

Plaintiffs filed for Chapter 11 bankruptcy in the Eastern District of California in January 2012. *Id.* ¶ 14. The California Bankruptcy Court ordered that "the value of [Plaintiffs' California] property is fixed in the amount of $249,000 for the purpose of plan confirmation." Docket No. 55 ("RJN"), Exh. 5. The parties entered into a stipulation that gave Wells Fargo secured and unsecured claims totaling the amount Plaintiffs owed to Wells Fargo, and provided that "[i]n the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Wells Fargo shall retain its lien in the full amount due under the Note." RJN, Exh. 6.

No plan was ever confirmed under Chapter 11, and the case was converted to one under Chapter 7 in February 2014. Compl. ¶ 16. Plaintiffs and Wells Fargo entered into a loan modification agreement in February 2016. *Id.* ¶ 20. Plaintiffs allege that Wells Fargo unlawfully assessed interest and fees on the loan during the bankruptcy proceedings. *See id.* ¶¶ 23–25. They further allege that they made several payments during the loan modification trial period that should have been applied by Wells Fargo to the principal balance of their loans but were not. *See id.* In September 2017, the California Bankruptcy Court vacated the automatic stay with respect to the California property, thereby allowing creditors to pursue their rights against the property. *See* RJN, Exh. 7. In April 2018, Plaintiffs' California property reverted back to Wells Fargo in a foreclosure sale. *See* RJN, Exh. 11.

C. Nevada Bankruptcy Proceedings

Plaintiffs also filed for Chapter 11 bankruptcy in the District of Nevada in December 2016. *See* RJN, Exh. 10 ¶ 3. The value of their Nevada property was appraised at $193,000. Compl. ¶ 27. In February 2018, the Nevada Bankruptcy Court vacated the automatic stay with respect to the

Nevada property. *See* RJN, Exh. 8. Plaintiffs then initiated an adversary action against the Defendants in this case on March 2, 2018. *See* RJN, Exh. 9. Plaintiffs' First Amended Complaint asserted ten causes of action: violation of the California Homeowner Bill of Rights, breach of contract, fraudulent inducement, fraud, embezzlement, false pretenses, negligent misrepresentation, duress, negligent infliction of emotional distress, and fraudulent and deceptive business practice. *See* RJN, Exh. 10 ¶¶ 54–227. Defendants moved to dismiss, and on July 2, 2018 the Nevada Bankruptcy Court granted Defendants' motion. *See* RJN, Exh. 12 ("Nevada Dismissal Order").

The Nevada Bankruptcy Court dismissed the adversary action with prejudice the duress claim because duress is an affirmative defense and not a cause of action, and the embezzlement and false pretenses counts because they are criminal offenses. *Id.* at 33:6–14. As to the remaining claims, the court ruled that the allegations failed to meet the pleading standard of Federal Rule of Civil Procedure 8(a)(2) because they "improperly lump[ed] all four defendants into each allegation," as well as the pleading standard of Rule 9(b) for a lack of particularity. *Id.* at 33:15–35:4. The court also rejected Plaintiffs' argument that the California Bankruptcy Court's valuation order precluded Defendants from charging interest, fees, and expenses during the time Plaintiffs were in bankruptcy, because the valuation was "tied to a plan of reorganization and does not alter the secured lender's pre-petition rights and remedies under the applicable loan documents if the debtor fails to confirm a plan." *Id.* at 35:16–25. Accordingly, the Nevada Bankruptcy Court held that, "to the extent that plaintiffs' causes of action are based on the valuations of the California bankruptcy case, they are dismissed with prejudice." *Id.* at 36:2–4. The court granted Plaintiffs permission to amend their complaint on three conditions: (1) that any realleged causes of action may not rely on the California bankruptcy valuations; (2) that Plaintiffs specifically identify the defendant to whom each allegation is directed; and (3) that Plaintiffs allege the "who, what, when, where, and why of each fraud claim" as required by Rule 9(b). *Id.* at 36:10–21.

Plaintiffs did not amend their complaint. Instead, they filed a motion to dismiss without prejudice the Nevada bankruptcy case on July 13, 2018, three days before filing this case. *See* RJN, Exh. 9 at 12. Notwithstanding its motion to dismiss, Plaintiffs continued to make filings in

3

1    the Nevada bankruptcy case. On July 23, 2018, they moved for reconsideration of the Nevada

2    Bankruptcy Court's dismissal order. *See id.* at 13. They then took further action by appealing the

3    dismissal order on August 7, 2018. *See id.* at 14. The motion for reconsideration was denied on

4    September 19, 2018, and the appeal was dismissed on October 9, 2018. *See Halloum v. Wells

5    Fargo Home Mortgage*, No. 18-1015 (Bankr. D. Nev.), Docket Nos. 101, 106.

## II.     THE INSTANT PROCEEDINGS

Plaintiffs filed their complaint in this Court on July 16, 2018. Wells Fargo first moved to dismiss the complaint on September 7, 2018. *See* Docket No. 9. Plaintiffs filed both a motion to strike and an opposition to Wells Fargo's motion to dismiss. *See* Docket Nos. 19, 30. Both Fannie Mae and Caliber filed notices of joinder in Wells Fargo's motion to dismiss. *See* Docket Nos. 14 (Fannie Mae), 16 (Caliber). This Court stayed this action "pending the Bankruptcy Court's resolution of Plaintiffs' motion to transfer and/or the merits of their claims." Docket No. 48. Following the Nevada Bankruptcy Court's second dismissal order with prejudice, Wells Fargo renewed its motion to dismiss. *See* Mot. Caliber filed notices of joinder. *See* Docket Nos. 68, 69.

## III.    DISCUSSION

A.  Wells Fargo's Request for Judicial Notice

Wells Fargo requests the Court to take judicial notice of fourteen documents it submitted in support of its motion to dismiss. *See* Docket No. 55 ("RJN"). The documents fall into two broad categories.

First, Exhibits 1–3 and 11 are deeds of trust and associated documents filed with the San Joaquin County and Clark County recorder's offices. *See* RJN at 2–3. The Court **GRANTS** Wells Fargo's request as to these documents. Under Federal Rule of Evidence 201(b), a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," including "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). As a result, "[c]ourts routinely take judicial notice of documents officially recorded in county public records, including deeds of trust." *Dimas v. JPMorgan Chase Bank, N.A.*, No. 17-CV-05205-LHK, 2018 WL 809508, at *5 (N.D. Cal. Feb. 9, 2018); *see Petrovich v. Ocwen Loan*

*Servicing, LLC*, No. 15-cv-33-EMC, 2016 WL 555959, at *3 (N.D. Cal. Feb. 12, 2016) (collecting cases where courts have judicially noticed deeds of trust and documents related to default and foreclosure as matters of public record). Plaintiffs do not dispute the accuracy and authenticity of those records.

Second, Exhibits 4–10 and 12–14 are court filings and orders in cases involving the same parties, loans, and properties as this case. *See* RJN at 2–3. These documents provide some of the factual and procedural background to the case, and are necessary for the Court to consult to determine whether res judicata doctrine applies. The Court **GRANTS** Wells Fargo's request as to these documents because "[p]ursuant to Federal Rule of Evidence 201, the Court may take judicial notice of papers filed in other courts," especially where they "are relevant to the present matter." *Hott v. City of San Jose*, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)); *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings in prior case "[t]o determine what issues were actually litigated" for res judicata purposes); *Vester v. Werner Enterprises, Inc.*, No. EDCV 17-96-GW(DTBX), 2017 WL 1493673, at *4 (C.D. Cal. Apr. 24, 2017) (taking judicial notice of pleadings in related cases in order to apply first-to-file rule).

B. <u>Wells Fargo's Motion to Dismiss</u>

Wells Fargo argues that Plaintiffs' claims are barred by res judicata because they were already dismissed in the Nevada Adversary Action. *See* Mot. at 11–14. Under the doctrine of res judicata, or "claim preclusion," a final judgment on the merits forecloses successive litigation of the same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The preclusive effect of a federal-court judgment is determined by federal common law. *Id.* at 891. Res judicata bars litigation of a successive claim when the following are present: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Ruiz v. Snohomish Co. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quotation and citation omitted). Applied here, those three factors show that all the claims are dismissed with prejudice in the Nevada Adversary Action

5

and are precluded in this case.

There is little question the first and third factors are met. As set forth above, the exact same Plaintiffs and Defendants are involved in this case as in the Nevada Adversary Action. Moreover, Plaintiffs assert the same ten causes of action here based on identical factual allegations as in the Nevada Adversary Action. *See Ghalehtak v. Fay Servicing, LLC*, 304 F. Supp. 3d 877, 885 (N.D. Cal. 2018) (concluding that identity of claims existed because the "factual allegations underlying" plaintiffs' claims "appear to be identical" and therefore both claims "arise out of the 'same transactional nucleus of facts'") (quoting *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010)).

As to the second factor, "[a] dismissal with prejudice is a final judgment on the merits unless otherwise specified." *Flient v. San Francisco Police Dep't*, No. C 06-2366 SBA, 2007 WL 1875888, at *1 (N.D. Cal. June 28, 2007) (citing *Stewart v. U.S. Bancorp.*, 297 F.3d 953, 956 (9th Cir. 2002)). In contrast, the Ninth Circuit has "repeatedly held that 'a dismissal without prejudice is not a decision on the merits' for the purposes of res judicata." *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008) (quoting *Weinberg v. Whatcom County*, 241 F.3d 746, 750 (9th Cir. 2001)). In the Nevada Adversary Action, the court dismissed with prejudice Plaintiffs' duress, embezzlement, and false pretenses claims, as well as any "causes of action . . . based on the valuations of the California bankruptcy case." RJN, Exh. 12 at 33, 35–36. In this case, Plaintiffs' fifth, sixth, and eighth causes of action reassert claims for embezzlement, false pretenses, and duress identical to those previously dismissed with prejudice by the Nevada Bankruptcy Court. *See* Compl. ¶¶ 135–66, 182–96. Further, Plaintiffs' first cause of action for violation of the California Homeowner Bill of Rights is predicated on the argument that the Valuation Order prohibited Wells Fargo from charging Plaintiffs interest, fees, and expenses on the property during the time they were in bankruptcy, a matter adjudicated by the Bankruptcy Court. *See id.* ¶ 53. Thus, those four claims are precluded.

However, the remaining six claims were initially dismissed without prejudice for failure to meet the pleading standards of Rules 8(a)(2) and 9(b), and so did not become a final judgment on the merits with the first dismissal order.

On August 2, 2018, the Nevada Bankruptcy Court dismissed with prejudice the action in its entirety for failure to prosecute after Plaintiffs failed to file an amended complaint. RJN, Exh. 14. With this, Wells Fargo argues that this case is barred by the doctrine of res judicata. *See* Mot. at 11–14. Plaintiffs respond that the Nevada Bankruptcy Court had no jurisdiction to enter its second (and final) dismissal order because it lacked jurisdiction once Plaintiffs filed their voluntary notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Docket No. 60 ("Opp.") at 16.

Under Rule 41(a)(1)(A)(i), a plaintiff has an absolute right to voluntarily dismiss an action when the defendant has not yet served an answer or a summary judgment motion, which then "leaves no role for the court to play." *Am. Soccer Co. v. Score First Enterprises, a Div. of Kevlar Indus.*, 187 F.3d 1108, 1110 (9th Cir. 1999). Here, there is no dispute that, at the time of Plaintiffs' notice of voluntary dismissal, Defendants had not filed an answer or a motion for summary judgment with the Nevada Bankruptcy Court.

Wells Fargo takes the position that in addition to the limitations identified in Rule 41 (*e.g.*, before an answer or summary judgment is filed), a plaintiff cannot voluntarily dismiss once the litigation has reached an "advanced stage." Docket No. 63 ("Reply") at 4–5. For this proposition, Defendant cites to *Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1534 (9th Cir. 1987). But in *Hamilton*, the Ninth Circuit indicated that "a motion to dismiss was not the equivalent of a motion for summary judgment . . . ." *Id.* (citing *Miller v. Reddin*, 422 F.3d 1264, 1266 (9th Cir. 1970)). Moreover, the Ninth Circuit in *Hamilton* rejected the "advanced stage" exception, as it derives from a 1953 Second Circuit decision,[1] which "has not been well received in subsequent cases." *Id.* As indicated above, Plaintiffs noticed a voluntary dismissal after the Nevada Bankruptcy Court ruled on Defendant's motion to dismiss—and, at that time, Defendant had not filed an answer or a motion for summary judgment. Thus, a court order from the Nevada Bankruptcy Court was not required for dismissal without prejudice under Rule

---

[1] The advanced-stage exception stems from *Harvey Aluminum, Inc. v. American. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953), which involved an ex parte temporary restraining order and a motion for a preliminary injunction that resulted in an evidentiary hearing held over multiple days and resulting in a 420-page record. Such equitable considerations are not present in this case.

7

41(a)(1)(A)(i). Indeed, "once a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal." *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999).

The problem here is that Plaintiffs elected to continue litigating the case in the Nevada Bankruptcy Court, notwithstanding their notice of voluntary dismissal. Specifically, ten days *after* they filed their notice of voluntary dismissal on July 13, 2018, Plaintiffs filed a motion for reconsideration, challenging the Nevada Bankruptcy Court's order dismissing their case in part with prejudice and in part with leave to amend. *See Halloum v. Wells Fargo Home Mortgage*, No. 18-1015 (Bankr. D. Nev.), Docket Nos. 64, 73. Plaintiffs also filed a notice of appeal from that order, which was referred to a Bankruptcy Appellate Panel. *Id*. at Docket Nos. 79, 82. In their notice of appeal, Plaintiffs requested this Court (N.D. Cal.) to review the Nevada Bankruptcy Court's dismissal order. *Id*. at Docket No. 79. However, the Nevada Bankruptcy Court referred it to the proper appellate panel. *Id*. at Docket No. 82. Plaintiffs then moved to withdraw their appeal because they wanted their appeal heard in the Northern District of California. *Id*. at Docket No. 87. That request was procedurally improper—the only avenues to challenge the Nevada Bankruptcy Court's order is by an appeal to the United States District Court for Nevada or the Ninth Circuit Appellate Panel. 28 U.S.C. § 158 ("The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and degrees . . . of bankruptcy judges entered in cases and proceedings . . . . An appeal under this subsection ***shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.***") (emphasis added).

Plaintiffs' post-dismissal activities described above are squarely inconsistent with their intent to dismiss the case without prejudice, as was their appeal of the dismissal order. Plaintiffs' action effectively revoked their voluntary motion to dismiss, and thus the Nevada Bankruptcy Court had jurisdiction to act.

Accordingly, the Nevada Bankruptcy Court had jurisdiction to issue its order dismissing the adversary complaint with prejudice, and that order constituted a final judgment on the merits.

8

Res judicata therefore applies. This Court **GRANTS** Wells Fargo's motion to dismiss **with prejudice** under the doctrine of res judicata.

Plaintiffs filed with this Court a motion to vacate the Nevada Bankruptcy Court's judgment for lack of jurisdiction. *See* Docket No. 61. As indicated above, this Court lacks authority to rule on such orders. *See* 28 U.S.C. § 158. Plaintiffs' motion is therefore **DENIED**. Defendant Caliber's notice of joinder is **GRANTED**. Plaintiffs' motion to strike the notice of joinder is **DENIED**.

This order disposes of Docket Nos. 54, 61, and 70. The Clerk is instructed to enter Judgment and close the case.

**IT IS SO ORDERED**.

Dated: February 20, 2020

_____
EDWARD M. CHEN
United States District Judge